Call the case of SESCO Enterprises versus the United States of America. Mr. Kipnis. Good morning, your honors. May we please the court. My name is Robert Kipnis. I'm with the firm of Lowenstein Sandler, and we represent the appellant of SESCO Enterprisesllc. For the court's permission, I'd like to reserve four minutes for federal justice. That request will be granted. Thank you very much, your honors. Your honors, this case presents two issues. The first issue is whether or not the government has proved a clear and convincing evidence that this is one of the few and rare circumstances in which the actions or inactions of administrative agency are not judicially reviewable. We think the answer is clearly no. And the second issue before the court is whether or not the court properly granted a motion for judgment on the pleadings, holding that under no set of facts could SESCO prevail to show that there is law to apply and that this case was reviewable. And once again, we think the answer is clearly no. In assessing, in making these determinations, this court is guided by the determination by the prior holding in the Raymond Proffitt case. And Raymond Proffitt says, in the first instance, you start with the statute, as the district court did. And the district court looked at the statute and said it wasn't clear on its face whether or not it clearly precluded judicial review. Well, Raymond Proffitt then tells us, in the absence of clear and convincing evidence, contrary to us, there is a strong presumption in favor of judicial review. That should have ended the analysis right then and there on the jurisdictional issue. Yes. But help me out, because I'm really struggling with the interplay between the statute, which seems to give you an explicit grant of jurisdiction, gives us jurisdiction and an APA. Yes. What's your position as to how the APA informs, if at all, the statute? I'd like to clarify that this is not an issue of jurisdiction. No one has ever moved on the basis of jurisdiction. This court below clearly had jurisdiction under 1341 of Title 28, under 1346 of Title 28, and Section 1626 of Title 26. So there's no question at all with respect to jurisdiction. Once the court has jurisdiction, the issue then is ordinarily there's a strong presumption in favor of reviewability of administrative actions. That's where the APA ties in, Your Honor. But you concede then that the APA applies in full here? Well, not just in the realm of 6226. The APA, because this is an agency action, we review for abuse of discretion, arbitrary capricious, otherwise not in accordance with law, et cetera. Just as if 6226 didn't exist. 6226, in our estimation, is a jurisdictional grant. It doesn't inform, necessarily, the analysis of what deference is to be given to an administrative agency. We do believe that that is governed by the APA, Your Honor. So we concede there is deference, too. If there is a certain amount of deference, even though you did have a review for arbitrary capricious abuse of discretion, otherwise not in accordance with law. Certainly. Certainly. But there are actions as well as inactions of administrative agencies that are reviewed in accordance with the APA. And the issue is whether or not, in reviewing that, there is law to apply. And as I said in the first instance, you looked at the statute. The Revenue and Profit Analysis also tells us that there are two kinds of statutes. There are mandatory statutes, those that speak in terms of mandatory, and those that are predatory. What kind of statute is this? We believe that that's mandatory, Your Honor. Because we believe that there are- What section do you point to? 1256 G8. Okay. Doesn't that deal with option trading? It does. But it also cross-references the determinations that are made in section 1256 G7. Well, why can't those plural determinations strictly apply to G8? Because, Your Honor, in the first sentence of G7, it specifically talks about such a determination shall be made. Congress specifically utilized the language in 1256 G8 determinations. In contrast to that, in a later subsection, immediately following that in G9, where it talks about a singular determination. Yeah, but, I mean, I have trouble finding that the language, such determination shall be made to the extent to carry out the purpose of this section. When it's strictly dealing with option traders, and you have a general definition in A, and in B, you have persons trading in other markets, you know, talking about option dealers. I'm sorry. Go ahead. No, I believe that 1256 G8 talks about when the determination is made by the Secretary under G7, that under certain circumstances in construing whether or not someone is an option trader, the commission is given certain directives in terms of what to apply. And then it talks about the terminology determinations. Again, the contrast between that and G9 and other subsections. But the issue is, isn't that language that you just quoted focused if, or in the case in which a Secretary may execute a VE determination? If not, then the rest of this doesn't apply. I mean, I'm having a tough time as how do we get to shall from this, and how do you get from G8, section B, back to applicability to G7? Well, the issue is whether or not by clearly convincing evidence the government has shown you that that is a totally impossible reading of the statute. I don't believe that it is. It is strongly defensible. I know you're talking about it following up on what Judge Greenway asked. Isn't the text of the statute itself the clear and convincing evidence? I believe so, Your Honor. I mean, you argue it one way, the government argues it the other way. Isn't that enough if we believe in the government's interpretation of the text? I think that there's nothing in the text that clearly and convincingly demonstrates that it was designed to be insulated from judicial review. The district court never found anything to that effect. It found it ambiguous. Even if the language is construed as being that of permissive, Your Honor, this court's analysis in profit says that it's not just any kind of discretion, because in every agency action, there is a broad amount of discretion. It's such broad discretion that is the product of military, political, economical, managerial determinations. And those are applied only in extremely rare circumstances. And that's not applicable here. The government would have you believe in its court cases, the U.S. Supreme Court cases, in rare circumstances that this is akin to an issue of national security in terms of a dismissal of an employee or allocations from a law firm. Those statutes specifically speak of unfair discretion on the part of the administrative agency. That's not the case here. All right. Let's assume for a minute that we disagree with your argument that the secretary must make a determination based upon rapport and similar analysis. Do you get in the back door by virtue of the fact that they treat you adversely through the final partnership administrative adjustment? In other words, as I read the record, the secretary has never made the determination that the FERC market is akin to the CFTC market. Correct. If the secretary had done that, game over. I don't see anything in the statute that requires the secretary to actually pass on that question vis-a-vis FERC as an administrative matter applicable to all comers. Nevertheless, in this particular case, they have made a determination that FERC is not a QBE because that was a sine qua non for their adverse FPA determination. Is that exact thought that you have? Can you flesh that out for us? Yes. We are entitled under 6226 to bring a refund action to challenge the determination of the secretary with respect to whether or not this was a QBE. We believe that in making that determination that the commissioner should be informed by the language in the statute itself, which sets forth in section A that SEC exchanges are automatic, prosthetic, quantitative exchanges, and the same as with respect to section B with respect to those regulated by the CFTC. We believe that those regulated by the FERC are identical to that, and we are entitled to the determination of the law. The secretary hasn't said no. It's sort of Professor Nichols of convenience, I suppose.  Let me ask you this question. Paragraph 52 of your complaint, you say the IRS has no identifiable standards or policy for making determinations as to whether a particular exchange has rules to carry out the purposes of section 1256. So here's what I want to know. How can our court now conclude that the IRS's failure to make a QBE determination is reviewable when your complaint seems to be inconsistent? Well, in part, we've learned about this since the founding of the complaint. We've learned more about it in the declaration of a case that was submitted by the Federal Bureau. Of course, Judge Thompson, we have a lot of judges going on today. Judge Thompson disregarded that. I mean, footnote two, I believe, she says, you know, what's the sufficiencies? I'm not taking it into account, and I think footnote three is really just an aside, really. I mean, there's no evidence she took that into account at all. In fact, she said she disregarded it. We don't believe that the district court's determination of its, the capitalization of its determination is controlling, but the issue is more broadly, it's reflected both in the Federal Register and the new publication of the proposed regulations that the government just submitted to you, to the court on Monday, as well as in the declaration. It bespeaks the fact that there are all these practices. The commission has a two-step process. Perhaps it's been keeping it secret all this time, super secret or whatever, but we are entitled to explore that and to explore the nature and extent of that in order to ascertain whether or not the commission acted arbitrarily and capriciously. So for us to be able to, as the government posits, not to be able to challenge our own task determination, as Judge Holland has indicated, is contrary to the provisions of the tax code, is contrary to the provisions of the administrative procedure, and finally, is contrary to the principles of liberty where administrative actions and inactions are reviewable by these courts. Thank you. Okay. We'll have you back on your bike. Thank you. Ms. Houser? Good morning. You can move that down a little bit. Alright. Is that better? Yeah. Good morning. My name is Bethany Houser from the United States here. The IRS's most important concern in this case is that QBE determination is made at the level of the border exchange, the BQE. So a qualified border exchange is a qualified border exchange with respect to all the traders who trade on that border exchange. And that means that all traders who are trading the same contracts, if those contracts are 1256 contracts, they're all subject to the same 1256 treatment. That makes it a zero-sum game. 1256 treatment is favorable for people who are in a gain position. It's unfavorable for people who are in a loss position. If everybody knows ahead of time that a certain border exchange is a QBE, then everybody enters their contracts knowing that that's the tax treatment that will apply. Well, but the Secretary hasn't told them when it comes to FERC contracts. Well, a QBE can only be a QBE if the Secretary determines that it is a QBE. So the absence of a determination means it's not a QBE. Alright. So you made a determination that using the 2004-2005 tax return of SESCO that it's not a QBE. No. The IRS... Well, then again... How can that be? I mean, as I understand, I'm an expert in tax law, so I hope I'm not mistaken, but as I understand it, a taxpayer files a return. That return, we do it on an oath, and it comes with some presumption of regularity, for lack of a better phrase, a presumption of correctness, unless and until the IRS comes into the office and says you're wrong, and here's why you're wrong. Isn't that what happened here? Uh... Yeah, the IRS came in, but the IRS just said, nobody's made a QBE determination here, therefore we're not entitled to 1256 treatment, because 1256 treatment requires two things. It requires, first, that you be a QBE, that you be a 1256 contract, and secondly, that you be a QBE, and under 1256-G7, to be a QBE, unless you're a statutory QBE, it has to be a case where the Secretary determined that the border exchange was a QBE. So the Secretary can just sit on the Secretary's hands and never make a determination one way or another, and you're a member, in the indefinite future? Well, at least until somebody requests a determination. Well, this taxpayer... This taxpayer has requested a retrospective determination for the tax years on issue, and the IRS said no, they would not make a retrospective determination because it would have just... Okay, the question comes at that point. Yes. In answer to Judge Hartman's, you said that the taxpayer made a request for a retrospective determination. You said no. The question is, can we review that? Can we review that determination? Isn't that where we are in this case? Yes, isn't that where we are in this case? It may be where we are in that case. I mean, you're saying we can't review that determination? Well, we also said in our brief that it clearly was not in the use of discretion to say that to make the first ever retrospective QBE determination. My point was... You weren't saying no. It's that you said that they weren't the right entity to ask. That the IRS did say they weren't the right... The IRS has never received a QBE request from a single trader. It's only received QBE requests from both of the exchanges. But both of those arguments, the argument as to who makes the request and what you just said about it not being in use of discretion, why shouldn't we just review the case and have the district judge hear your respective arguments on those issues and write a nice opinion and then we can review again and none of you is disappointed? The district court held that because the QBE determination itself if a substantive QBE determination were to be made was consigned to agency discretion therefore the question whether and when to make that determination also were consigned to agency discretion. Does she say it's under review? Like the CIA decision to fire someone because they think their security risk etc. That's the upshot of the decision below, isn't it? That this is so discretionary but it's not even a matter of judicial review. Yes, that's the upshot of the decision below. And that's the position you're arguing, is it? Yes. You rephrased this case a little bit in your motion for judgment on the pleadings and basically said the court's being asked to review the department's inaction. Correct? First it's inaction but also it's action, yes sir. Inaction and not looking to determine whether FERC was a QBE. FERC is not FERC is an administrative agency. These are ISOs that are overseen by FERC. The various exchanges. This is PJM. You're saying well we didn't do that we weren't required to do it and the court can't review our inaction and that's your first position? Yes, that is our first position. And your second position is that even if that was reviewable the individual taxpayers isn't the right person to challenge that? Yes. Okay. And that's because as we expanded our brief this QBE status has to apply to everyone who trades on the market just the way a charity bill's status applies to everyone who donates to a charity and it should be uniform for all taxpayers and so it has to be made at the level of the border exchange. That makes sense but can you eliminate for us why the FERC exchange seems disinterested in seeking this whereas the people that skin in the game are the sesco's of the world and they seem to be the logical people to seek their determination and why is the FERC exchange side of its hands? Is there anything you can educate us on that? The legislative history of 1256 itself indicates that exchanges are not the original legislative history but as the statute was amended to add additional categories of 1256 contracts it was often at the behest of markets who wanted to encourage traders to come trade on their markets so does the charities have an interest in being someone that people would like to give money to because the tax consequences are certain so to boards or exchanges would have an interest in if they think they qualify for QBE status and seeking QBE status to encourage trading. Let me build on my prior questions you said that your determination as to whether you're in action in making the PJM the QBE is unrenewable but what we have here is a petition from the tax partner that the 2004-2005 payments that he had to make as a result of your adjustment that that should be reviewed and why shouldn't we have jurisdiction to at least review that or why shouldn't the district court have jurisdiction to at least review that? As the district court hasn't as we explained in our brief the problem is 1256-G7 just doesn't set out standards against which they could measure QBE determination but I never heard of and like Judge Hardiman I'm asking these questions with relative unfamiliarity but I've never heard of an example where a tax adjustment was unreviewable in court and that's what we have here in part they're saying we're entitled to the 2004-2005 1256 treatment but the courts can review is the question whether or not it was a QBE if it's trading on say a statutory QBE even if we agree with you on that even if we agree with you on that but we have a taxpayer here for example let me give you a hypothetical let's say we set a case back down and we instruct the district court that it is in fact reviewable and there is a lot of reply presumably SESCO is going to argue that the tax treatment sought in those two returns is appropriate because it is a QBE you're going to have I guess two arguments in response to that you're going to say first it's not a QBE because the secretary hasn't said so and secondly the secretary is under even if in theory it were to be a QBE it never becomes a QBE under federal law unless the secretary says so that's what the term qualified appears throughout the code often in situations like this like a qualified tax exempt bond something that has the secretary's imprimatur on it shouldn't those two questions be reviewed by a court of law the two questions shouldn't the question of whether it is a QBE we don't want your question whether it is a QBE and there are two subsidiary answers that you have to that that you've expressed to us here today I take your point I don't think that the courts should be making the determination in the first instance whether a border exchange is a QBE because it is such an administrative problem especially here where it involves the FERC I'm suggesting that why isn't that a substantive argument that you might prevail on but that's a substantive argument that needs to be joined in a district court and adjudicated fully and fully entertained by a district court and here I don't see that it was the issue was bypassed as unreviewable was it not? no it wasn't, that's what the district court held, yes what I'm suggesting to you is you may have a winner, I'm agnostic about it but as an appellate I'm tempted to of course review this case to put my trial judge hat on but I keep trying to take it off and I'm trying to review and answer the question whether it is a QBE and who decides etc but I'm having trouble concluding that a trial judge should not be obliged to make those determinations in the first instance rather than just saying we're going to bypass this issue because there's no law to apply why am I wrong? Michelle why am I caught? tell me why am I wrong fundamentally the problem is what the district court held, there's no law to apply 1256 G7 doesn't provide standards what about G8 regulations they say G8 applies the only rule they're there to argue about G8 is shall as the panel has already discussed they say it's determinations and they say that G8 references G7 that still doesn't create standards for an ambiguity an ambiguity about whether or not there was judicial review of the secretaries determinations I don't think so sometime after G7 the reference in the final line of G8 is conditional on the G7 determination being made in the first place it refers back to the determinations it says shall reference to the determinations under G8 I think the district court's opinion is absolutely correct in saying there's just no reason to read G8 as making G7 determinations mandatory regardless of whether there's some other reason that they should be reasonable isn't what's really at play here is there's a status determination to be made the IRS has said we're going to be in charge of the entity that needs the determination made is qualified or able to bring that to our attention and if there's a detriment to taxpayers that's kind of it I think that's correct it's the statute itself that says that it's the secretary who should make that determination and that's the same as the tax exempt bond area that bond determination is made the case, the South Carolina case we discussed in our brief is about state issued tax exempt bonds it's all over the code where there are instances where the taxpayer is suffering a detriment because of a definitional term and the taxpayer can't appeal or seek review of that definitional term, you're dealing with whatever the code or the particular statute or regulation does and whoever has standing to make that argument makes it and in the absence of that that's where we are yes do you have anything else? I'd just like to I mentioned earlier that the IRS is not the 1256 treatment in this case, it depends on both the unique determination and a determination that 1256 the contracts were 1256 contracts without going into whether it's the court or the IRS or whoever, nobody has made a determination that these contracts were 1256 contracts so at the very least that remains to be decided but you have made a determination as to the final partnership administrative adjustments because there's a number of objective requirements under 1256 I think you said 6226 is entitled judicial review of final partnership administrative adjustments what more clear evidence would one need to tell us that this is judicially compensable you're saying there's no law to apply I mean I'm looking at a statute right here entitled judicial review of final partnership administrative adjustments so if I accept your argument that there's no law to apply I have to determine that 6226 is a no because even though it says you get judicial review of final partnership administrative adjustments you don't really need it because there's no law to apply at least with respect to this FPRA this FPRA the determination in this FPRA is that these contracts were not traded on a QBE that's not necessarily a determination about whether this was a QBE it's something traded over the counter that wasn't traded on any border exchange at all the IRS can make the same determination these contracts were not traded on a QBE therefore you don't get 1256 those might be winning arguments but those are arguments of inerrance those aren't arguments that there's no law to apply those were the answers to your question but the district court didn't engage that right? so we need to send it back to the district court to engage those what seem to be really credible arguments you're making if you conclude that this tax payment under these circumstances is the right person to challenge who else can challenge their own tax return? well they can challenge their own tax return they can't just challenge a regular QBE determination they filed their suit challenging the IRS adjustments pursuant to 26 USC 6226A yes absolutely I don't know how we can not have jurisdiction to review that I don't know how the court does not have jurisdiction to review your determination okay does that mean that no IRS, no decision by the IRS can ever be consigned to administrative discretion because there are serious cases about about interest are those 6226 cases? I assume they're not because it's interest your point is well taken with respect to those matters because there's not a statute saying that judicial review is to be had over this particular type of return there wasn't at that time thank you Mr. Kiffmeyer your bottle thank you your honor what's clearly implicated by your honor's questions is the scheme which the government proposes that is it requires in their view that this cannot be reviewable by any means we tried in several different ways we tried getting the review administrative isn't the point just that you're the wrong party to review them? but there's no basis in any statute or regulation that prescribes that too but even if that were the case certainly under 6226 we are entitled to a review of our own tax determination just as they indicated in the charitable context a taxpayer can challenge the determination too and they acknowledge that in their briefs we can challenge this determination they cannot sit on the sidelines forever and say our review we can never have it reviewed when we're directly agreeing by their actions maybe seeking a pyrrhic victory though right because when I file my return my return has charitable deductions and they say well guess what XYZ is a for profit company I get judicial review but then the judicial reviewer looks at me and says XYZ is not on the list of approved charities and then I say but really if you look at the facts here and you drill down XYZ is the best charity in the country well guess who gets to decide whether it's a charity it's the commission wasn't that where you would end up not exactly your honor because 501c3 provides a different scheme it does require pre-approval in advance of those items, those charities that are going to be on the list but there isn't any such scheme in 1256g7 and they've never prescribed the mechanism by which they can arrive at determinations of whether or not something is a qualified peer-to-peer exchange or not and that's reviewable and their own policies then you're going to run into a no-one reply problem aren't you? I don't believe so your honor because their own policies inform that they have made these determinations in response to foreign exchanges they've never made a determination at the behest of an individual taxpayer as I understand it, they've been consistent that the exchange has to do it and you have to have some sympathy for that, they want to do it on a uniform exchange wide basis, not on an exchange out there they've never made that determination beforehand and even if they say it has to be done by the board or itself they haven't prescribed that by regulation it's not set forth in the statute what they're saying is ultimately no matter what, heads we lose, tails we lose no matter what your tax liability is unreviewable and that's not what the law says, that's not what the limited profit case says, it is reviewable but I believe it is up to the institutions as to whether or not the IRS acted arbitrarily and capriciously, we have our arguments, they certainly have their arguments and we believe that we can show that a fair regulated exchange is exactly akin to those which are deemed per se under A and B under the SEC and CFTC regulated exchanges and we believe that policies also provide additional law to apply to, so if there were circumstances, we believe that the district court got it wrong it should have so the district court should have determined whether the entity was a QBE and if it's, if the district court okay, in a perfect not a perfect world, but a possible world that you may live in if it goes back to the district court and the district court says it's not a QBE you're going to come back if we say it's not a QBE done, but the regulation presumably remains the same, one taxpayer has relief it sought but the IRS presumably under that hypothetical would keep its ability to determine whether entities are QBEs when they apply to it for some resolution of that issue yes? I think that's right, but ultimately the IRS has been given a job to do by 1256G7 they can't sit on the sidelines the entire time and refuse to make a determination whether on their own, whether faced by a request by an exchange certainly when it's brought up in the context of the taxpayer refund suit so then down the line what's going to happen then is taxpayer by taxpayer when this issue comes up they have to petition to the court because we can't presumably someone in the judicial chain can't order them without a plaintiff you must determine all QBE determinations now isn't there a concern about I'm worried about sort of a slippery slope issue as well as a usurping the commissioners discretion certainly can be done on a case by case basis sweeping pronouncements to that effect but certainly also at some point in time agency inaction when they refuse to make determinations when it's presented before them and when they erect artificial barriers to reviewability of those things those are reviewable by the court thank you okay, thank you we thank counsel and we thank you for your fine efforts in this case and we take them out of our department